The Full Commission has reviewed this matter based upon the record of the proceedings before Deputy Commissioner Chrystal Redding Stanback and the briefs and arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the entire record of evidence, the Full Commission reverses the holding of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 20 July 1999 and in a Pre-Trial Order as:
 STIPULATIONS
1. All parties are subject to the Workers Compensation Act.
2. The alleged injury which is the subject of this hearing occurred on 22 July 1998.
3. An employer-employee relationship existed between plaintiff-employee and defendant-employer on 22 July 1998.
4. Defendant-employer was insured by Zurich-American Insurance Company on 22 July 1998.
5. Plaintiffs average weekly wage on 22 July 1998 was $571.00, yielding a compensation rate of $380.86.
6. Stipulated Exhibits#1: plaintiffs medical records, Industrial Commission Forms 18 and 19.
***********
Based the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing on 20 July 1999, plaintiff was forty-five (45) years old. Plaintiff has graduated high school, attended Wake Technical College for one year, and served three years in the Army as a records clerk and marriage counselor.
2. Plaintiffs previous job history includes farming, operating a tractor trailer, managing a lumber company, serving as an assistant manger for Lowes lumber yard and as a produce manager at a Food Lion grocery store.
3. Plaintiff began working for defendant-employer in 1991 as the manager of its reclaim department and was responsible for reclamation for three plants. His duties included, purchasing, budget preparation, safety, sales, and supervising personnel. This job did not involve any physical exertion, lifting or production work and was sedentary in nature.
4. In early 1998, plaintiff realized he had a drug and alcohol problem and sought drug rehabilitation. With defendant-employers permission, he remained out of work for several weeks in the spring of 1998 in order to treat this problem.
5. Following his treatment, when plaintiff returned to work on 1 June 1998 he requested an hourly job rather than returning to management. Therefore, he was assigned to the sheet conversion lamination job. This job involved more physical labor and plaintiff worked in this capacity from 4 June 1998 to 21 June 1998, when he again took a leave of absence. During the period he worked in this position, plaintiff did complain of general soreness and pain.
6. When he again returned to work on 7 July 1998, plaintiff reiterated his request for hourly work, so he was assigned to operate a band saw performing production work. The materials plaintiff worked with in this capacity were light weight.
7. While cleaning up his work area on 22 July 1998, plaintiff contends that he had to get on his knees to pick up waste material and had to raise a bar that hung down from the band saw at the same time. Plaintiff contends that as he performed this task that he felt a sting in his neck. Although plaintiff may have reported some arm soreness to his supervisor, Julian Young, plaintiff did not report a work related injury to his supervisor although he knew of the policy to do so.
8. Plaintiff did not allege an on the job injury or file for workers compensation until after his group disability claim was denied.
9. Plaintiffs testimony that he sustained a work related injury on 22 July 1998 is rejected and is not given any weight by the Full Commission.
10. Following this alleged work related injury, plaintiff was examined and treated by Dr. Kenneth Banks. During plaintiffs examination by Dr. Banks, at no time did he ever refer to any work related incident as the cause of his complaints. In his deposition, Dr. Banks testified had such an incident as plaintiff testified to occurred that he would have expected plaintiff to have related such an incident to him at some point during the course of his treatments.
11. Plaintiff began treating with Dr. Frederick Benedict, an orthopedic surgeon on 11 August 1998. During this examination, plaintiff reported to Dr. Benedict that he had woken up with a stiff neck a month prior. Furthermore, at no point during his treatment by Dr. Benedict did plaintiff report any work related injury.
12. The opinions regarding causation expressed by Dr. Benedict during his deposition were entirely based upon information imparted to him regarding plaintiffs allegation of a work related injury. Because, however, plaintiff never personally reported a work related incident to Dr. Benedict during the course of his treatment and because plaintiff did not sustain an injury by accident, Dr. Benedicts causation opinions are not given weight.
13. Plaintiff began treating with Dr. George Charron, an orthopedic surgeon, on 15 September 1998 upon referral from Dr. Benedict. After reviewing plaintiffs MRI, Dr. Charron concluded that he had stenosis which could have worsened gradually over time. During this examination, plaintiff did not mention any work related injury. This is so even though had one occurred in the manner in which he later testified, it is reasonably expected that he would have done so.
14. On 21 October 1998 plaintiff underwent a foraminotomy of the left at C4-5 and C5-6 and a laminectomy at C4-5 for his spinal stenosis performed by Dr. Charron. Plaintiff was instructed by Dr. Charron to remain out of work because of his condition and surgery through 2 March 1999.
15. Based upon the evidence of record, plaintiff failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant on 22 July 1998 or on any other date.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 22 July 1998, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. 97-2(6).
2. Plaintiffs claim is not compensable under the Act and he is not entitled to compensation. Id.; G.S. 97-29; G.S. 97-30; G.S. 97-31.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law plaintiffs must be, and the same is hereby DENIED.
2. Each party shall pay its own costs
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER